**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Raymond T. Jones,

Petitioner,

v.

United States of America,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-2053 ADM
Criminal No. 00-35 ADM/AJB

---

Raymond T. Jones, *pro se*.

Jeffrey Paulsen, Esq., Assistant United States Attorney, Minneapolis, Minnesota, on behalf of Respondent United States of America.

---

## INTRODUCTION

Petitioner pled guilty to five counts of a Superceding Indictment and was sentenced to 210 months imprisonment on November 7, 2000. This matter is before the undersigned United States District Court Judge pursuant to Petitioner Raymond T. Jones' ("Petitioner") Motion to Vacate, Set Aside, Grant a New Trial, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 202].

Petitioner contends that the drug statute under which he was convicted, 21 U.S.C. § 841, is unconstitutional. Petitioner also argues that his sentence enhancements were unconstitutional and his conviction for being a felon in possession of a firearm was improperly based on prior felony convictions under state law. In Opposition to Petitioner's § 2255 Motion, Respondent United States of America responds that Petitioner's contentions lack legal authority and are without merit. Petitioner's Motion will be denied.

FILED FEB 0 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**DISCUSSION**

Petitioner asserts that 21 U.S.C. § 841 is unconstitutional. However, the courts of appeals that have considered this issue have disagreed with Petitioner's argument. The Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not render § 841 unconstitutional. *See United States v. Kelly*, 272 F.3d 622, 623-24 (3d Cir. 2001); *United States v. Meyst*, No. 99-4887, 2001 WL 1126642 at *1 (4th Cir. Sept. 25, 2001); *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000); United States v. Talley, No. 99-2479, 2001 WL 814936, *3 (6th Cir. Jul. 12, 2001); *United States v. Brough*, 243 F.3d 1078, 1079 (7th Cir. 2001); *United States v. Buckland*, No. 99-30285, 2002 WL 63718 (9th Cir. 2002); *United States v. Cernobyl*, 255 F.3d 1215, 1219 (10th Cir. 2001); *United States v. Candelario*, 240 F.3d 1300, 1311 n. 16 (11th Cir. 2001). Petitioner's constitutional challenge to § 841 is rejected.

Petitioner also argues that his sentencing enhancements for possession of a firearm and obstruction of justice are unconstitutional. When he pled guilty, Petitioner stipulated to the relevant drug quantities and the two-level enhancement for possession of a firearm, and an additional two-level enhancement for obstruction of justice. *See* Plea Agreement ¶¶ 5, 10, 16. The sentence of 210 months is within the statutory range of 10 years to Life. His sentence is also within the statutory maximum sentence of 20 years for a drug offense with indeterminate drug quantity. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000).

Finally, Petitioner argues that his felon in possession of a firearm conviction is unconstitutional because his prior felonies were state law offenses. This argument is

unsupported by the relevant caselaw. *See Gillespie v. City of Indianapolis*, 185 F.3d 693, 706 (7th Cir. 1999) (rejecting a Tenth Amendment challenge to a federal statute making it a federal offense for someone convicted of a state offense to possess a firearm and finding that the statute did not intrude upon an area of authority reserved to the states). Moreover, Petitioner pled guilty to the felon in possession count, stipulating to his prior state felony convictions. Petitioner's argument lacks merit.

## CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, Grant a New Trial, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 202] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 5, 2002